UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARIA BUNGER,           )<br>    Plaintiff,          )<br>                         )<br>    v.                   )<br>                         )<br>ANDREW M. SAUL,          )<br>Commissioner of the Social Security )<br>Administration,          )<br>    Defendant.          ) | CAUSE NO.: 2:19-CV-139-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Maria Bunger, and Plaintiff's Opening Brief [DE 17], filed October 1, 2019. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On November 8, 2019, the Commissioner filed a response. For the following reasons, the Court grants Plaintiff's request for remand.

**I.   Background**

On November 21, 2015, Plaintiff filed an application for benefits alleging disability beginning June 12, 2011. Plaintiff's application was denied initially and upon reconsideration. On December 5, 2017, Administrative Law Judge ("ALJ") Kathleen Fischer held a hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On April 12, 2018, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.   The claimant last met the insured status requirements of the Social Security Act on September 30, 2016.

2.   The claimant did not engage in substantial gainful activity during the period from her

1

       alleged onset date of June 12, 2011 through her date last insured of September 30, 2016.

3. Through the date last insured, the claimant had the following severe impairments: degenerative joint disease of the cervical spine at C5-C6 and C6-C7, scoliosis of the thoracic and lumbar spine, degenerative disc disease of the lumbar spine, status post discectomy and fusion at L2-L3 and L3-L4, ADHD, and an anxiety disorder.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. Through the date last insured, the claimant had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) except that she can lift 20 pounds occasionally and 10 pounds frequently; stand and walk for 2 hours in an 8-hour workday; and sit for 6 hours in an 8-hour workday. The claimant cannot climb ladders, ropes, or scaffolds, but she can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. She cannot work in hazardous conditions. She is limited to simple, repetitive tasks.

6. Through the date last insured, the claimant was unable to perform any past relevant work.

7. The claimant was 44 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills.

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 12, 2011, the alleged onset date, through

September 30, 2016, the date last insured.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.    Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses

the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review.*" Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in finding that Plaintiff did not meed or medically equal Listing 1.04, failed to adequately explain her findings regarding Listing 1.04, and failed to adequately account for Plaintiff's mental limitations in the RFC. The Commissioner argues that the

4

ALJ's findings are supported by substantial evidence.

The determination of whether a claimant suffers from a listed impairment comes at steps two and three of the ALJ's analysis. Step two requires an examination of whether the claimant has an impairment or combination of impairments that are severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). At step three, the ALJ must determine whether the claimant's impairments meet an impairment listed in the appendix to the social security regulations. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). An individual suffering from an impairment that meets the description of a listing or its equivalent is conclusively presumed to be disabled. *See Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). In order "[f]or a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). An impairment that manifests only some of the criteria will not qualify, no matter its severity. *Id*.

Plaintiff challenges the ALJ's findings regarding Listing 1.04 ("Disorders of the spine"). The ALJ found that Plaintiff did not meet or medically equal any listing, and stated that "[a]l of the listings were considered . . . with specific emphasis on listing 1.04," but did not make any other explicit findings as to Listing 1.04. To meet Listing 1.04, the claimant must initially show that she has a disorder of the spine "resulting in compromise of a nerve root [ . . . ] or the spinal cord." 20 C.F.R. 404, Subpt. P, App. 1, § 1.04. There is no apparent dispute that Plaintiff meets this first criterion, because the ALJ found her scoliosis, degenerative disc disease, and degenerative joint disease of the cervical spine to be severe impairments. With that criterion satisfied, the claimant can meet Listing 1.04 if she shows "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with

5

associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. 404, Subpt. P, App. 1, § 1.04(A). Plaintiff identifies medical evidence in the record indicating that she suffered back pain radiating to her left leg (AR 275, 277), muscle weakness and decreased range of motion (*e.g.*, AR 383, 397), sensory loss (AR 397), and a positive straight-leg test (AR 384).

Given the evidence of Plaintiff's injuries, the ALJ's cursory analysis of Listing 1.04 was inadequate. Although the claimant bears the burden of proving that her condition meets the criteria of a listing, *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006), the ALJ's decision must "offer more than a perfunctory analysis of the listing." *Barnett*, 381 F.3d at 668 (citing *Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003); *Scott*, 297 F.3d at 595-96; *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)). By simply stating that she had considered the listing, without addressing the relevant factors, the ALJ failed to provide adequate analysis or the required logical bridge to her conclusion. *O'Connor-Spinner*, 627 F.3d at 618.

The Commissioner argues that the ALJ's failure to explain her findings is moot, because the evidence in the record does not satisfy the requirements of Listing 1.04. Specifically, the Commissioner argues that Plaintiff's pain and her MRI revealing central canal and foraminal stenosis did not satisfy the requirement to show "compression of a nerve root." But the listing does not require an objective finding of nerve root compression; it requires "*[e]vidence* of nerve root compression, characterized by" pain, weakness and decreased range of motion. 20 C.F.R. 404, Subpt. P, App. 1, § 1.04(A) (emphasis added); *see also Amazzalorso v. Saul*, No. 2:18-CV-400-TLS, 2020 WL 1536131, at *4 (N.D. Ind. Mar. 31, 2020) (finding that back and neck pain with "large disc protrusion . . . that appeared to produce central stenosis with narrowing of the vertebral canal" was

6

evidence of nerve root compression); *Muiser v. Colvin*, No. 2:14-CV-167-PRC, 2015 WL 5714047, at *5 (N.D. Ind. Sept. 28, 2015) (finding that claimant demonstrated evidence of nerve root compression with examinations showing neural foraminal stenosis, disc herniation, and back and leg pain). Even if the Commissioner were correct in his interpretation of the regulation, he cannot rely on it, because that rationale did not appear in the ALJ's decision. *See Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (discussing Chenery doctrine, i.e., an agency's lawyers may not defend its decision on grounds not supplied in the decision).

Addressing the medical evidence of decreased range of motion, muscle weakness, sensory loss, and a positive straight leg raise test, the Commissioner summarizes that the ALJ found the corresponding symptoms to be "inconsistent over time." The Commissioner also says that the reports of Plaintiff's atrophy were not sufficiently detailed, and it is not clear that the straight leg test was performed sitting and supine, as the regulations require. But there is no requirement in the listing that symptoms be consistent over time, and again, no evidence that the ALJ herself relied on any of these points in finding that Plaintiff did not meet the listing. *Parker*, 597 F.3d at 922.

The Court is also troubled by the ALJ's failure to properly address Plaintiff's mental limitations in the RFC. At step two, the ALJ found that Plaintiff had moderate limitations in understanding, remembering, and applying information, and in concentrating, persisting, and maintaining pace. In the RFC, the ALJ limited Plaintiff to "simple, repetitive tasks," due in part to "decreased concentration associated with anxiety and ADHD." This was the only qualification in the RFC that addressed Plaintiff's mental limitations. While the ALJ noted that Plaintiff could manage money and cook simple meals at home and "had no apparent difficulties completing a mental status examination," Plaintiff also reported that she was easily distracted, had difficulty

7

completing tasks, and could not focus long enough to read. *See*, *e.g.*, AR 201-06, 401. Medical records from September 2016 indicated that Plaintiff reported only "mild relief" from her anxiety with medication, and "[t]he problem has been unchanged." AR 470. The ALJ acknowledged this issue when she granted "little weight" to the State agency psychiatrists, in part because their conclusions that she could "manage the stress of work" were "inconsistent with evidence indicating difficulty concentrating and focusing."

Completing familiar tasks at home, on an *ad hoc* basis, is not the same as performing new tasks consistently in a work environment. A limitation to unskilled work is generally insufficient to account for moderate limitations in concentration, persistence, or pace because "[t]he ability to stick with a task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner*, 627 F.3d at 620-21 ("In most cases . . . employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace."); *see also Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (rejecting the contention "that the ALJ accounted for [the plaintiff]'s limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public"); *Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (finding that limitation to unskilled work did not account for limitations in concentration, pace, and mood swings). Having found that Plaintiff had difficulties in concentration, persistence, and pace, the ALJ needed to explain how these difficulties were addressed by a limitation to simple activities.

On remand, the ALJ is directed to thoroughly analyze whether Plaintiff's back impairments meet or medically equal Listing 1.04. If the ALJ determines that Plaintiff's impairments do not meet

8

or medically equal the criteria of a Listing, the ALJ must draw a logical bridge from the evidence in the record to the conclusions about Plaintiff's RFC, including evidence that does not support the ALJ's conclusions.

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 17], and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 27th day of July, 2020.

                                    s/ John E. Martin
                                    MAGISTRATE JUDGE JOHN E. MARTIN
                                    UNITED STATES DISTRICT COURT

cc:    All counsel of record